Alicia YANCEY, Plaintiff,

v.

Paul J. HOOTEN, and Thomas Rathgeb, Defendants.

Civ. No. 3:97CV1400DJSTPS.

United States District Court,
D. Connecticut.

May 5, 1998.

Joanne Faulkner, Law Offices of Joanne Faulkner, New Haven, CT, for plaintiff.

Paul J. Hooten, Thomas Rathgeb, Mt. Sinai, NY, for defendant.

### RULING ON PLAINTIFF'S MOTION TO COMPEL

SMITH, United States Magistrate Judge.

The plaintiff brings this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen.Stat. § 42–110a. Now pending before the court is the plaintiff's motion to compel discovery.[1]

■ As a general proposition, the discovery rules contained in the Federal Rules of Civil Procedure are to be construed broadly. A valid discovery request need only "encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978); *see Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385, 91 L.Ed. 451 (1947); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2d Cir.1985). Limits do, however, exist. Discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not within the scope of Fed.R.Civ.P. 26(b)(1). *Oppenheimer Fund, Inc.*, 437 U.S. at 351–52, 98 S.Ct. 2380. The district court enjoys broad discretion when resolving discovery disputes, which should be exercised by "determining the relevance of discovery requests, assessing their oppressiveness, and weighing these factors in deciding whether discovery should be compelled." *In re Multi–Piece Rim Products Liability Litigation*, 653 F.2d 671, 679 (D.C.Cir.1981); *Brenner v. Silver, Golub and Sandak*, No. B–88–283(EBB), slip op. at 2–3 (D.Conn. August 25, 1989). Having outlined these general rules relating to discovery, the court now turns to the pending motion to compel.

The plaintiff posed discovery requests which she argues relate to her claim that the defendants attempted to evade Connecticut licensing obligations by the use of the name of Thomas Rathgeb as signatory for collection letters sent into Connecticut. The defendant objects to many of these interrogatories and requests for production primarily because the information sought does not "comport with the traditional notions of relevancy, and imposes an undue burden on the defendants and their efforts to defend this

---

1. The plaintiff's motion seeks discovery compliance by both defendants, Paul Hooten and Thomas Rathgeb. Defendant Hooten alone opposed the plaintiff's motion, pointing out in his opposition memorandum that the plaintiff's certificate of service reveals that the motion to compel was served on defendant Rathgeb at an address different from that listed in his notice of appearance filed with the court. As defendant Rathgeb was not properly served with the instant motion to compel pursuant to Fed.R.Civ.P. 5(b), the court's ruling on this motion is directed solely to defendant Hooten. The plaintiff's motion to compel is DENIED as to defendant Rathgeb, without prejudice to its renewal upon proper service and noncompliance. The court notes, however, that renewal may not be necessary, as defendant Hooten will likely be able to provide any court ordered discovery.

meritless action." (Def.'s Mem. Opp. to Pl.'s Mot. Comp. at 4.)[2] Rather than examine the disputed discovery on the basis of these general objections, the court will address each discovery request individually, taking into account the defendant's basis for objection and the justification offered by the plaintiff.

*Interrogatory (2): GRANTED*

**As to each such letter, provide an estimate of the number of times that form of letter was sent to any Connecticut debtor during 1997.**

█ The plaintiff claims this "request is for the purpose of establishing the intentional nature, frequency and persistence of noncompliance, as required by 15 U.S.C. § 1692k." (Pl.'s Mem. Supp. Mot. Comp. at 4.) The defendant offers no support for his interpretation of 15 U.S.C. § 1692k as referring to the debt collector's conduct toward a specific debtor, not to all debtors. Therefore, the court finds this request to be reasonably calculated to lead to the discovery of admissible evidence.

*Interrogatory (3): GRANTED*

**Describe in detail the financial and business relationship between each defendant and plaintiff's creditor (hereafter "creditor"), e.g., billing method, rate, frequency and media; expenses billed: funds remittance method, rate, frequency and media; the nature and extent of services rendered (e.g. letter only, letter followed by suit in what circumstances); fee arrangement for each identified type of service; whether communication is direct or indirect, such as through a collection agency as intermediary.**

█ The plaintiff argues that this request is related to her belief that the defendants are operating as an unlicensed collection agency, not as attorneys. The defendant responds that whether the defendants are acting as a collection agency or as attorneys is irrelevant to the instant action because the FDCPA applies to all "debt collectors," including both collection agencies and attorneys. *See Heintz v. Jenkins*, 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (the FDCPA applies to attorneys who regularly engage in consumer debt collection activities). While this is certainly the case, the requested information may still lead to the discovery of admissible evidence relating to the alleged attempts of defendant Hooten, who is not licensed to practice in Connecticut, to evade the Connecticut collection agency licensing requirements found in Chapter 669 Part XII of the Connecticut General Statutes by using defendant Rathgeb's name on collection letters sent into Connecticut. Precisely because defendant Hooten claims his relationship with defendant Rathgeb exempts him from the Connecticut licensing statute, the plaintiff is entitled to discovery concerning the nature of the relationship between each defendant and the plaintiff's creditor.

*Interrogatory (4): GRANTED*

**Identify Thomas Rathgeb.**

█ The defendant does not contest that he has failed to identify Thomas Rathgeb in accordance with Local Civil Rule 39(c)(3).[3] Rather he requests a protective order from the court allowing his response (that Mr. Rathgeb is an attorney admitted to practice in Connecticut and "of counsel" to defendant Hooten) to stand due to his fear that disclosing Mr. Rathgeb's residential and business address will lead to further harassment by the plaintiff. The court declines to limit the plaintiff's discovery in this manner. She is entitled to the information outlined in Local Rule 39(c)(3), and the defendant is ordered to

---

2. Specifically, the defendant claims that the plaintiff is on a "fishing expedition," and is using the contested discovery not in an effort to obtain admissible evidence, but only for the purpose of harassing the defendants in an attempt to obtain a settlement of the action. As support for this proposition, the defendant points to the plaintiff's brief statements in support of her motion to compel each contested discovery request.

3. The Local Rule states:

Identify (With Respect to Persons). When referring to a person, to 'identify' means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.

Rule 39(c)(3), Loc. R. Civ. P. (D.Conn.).

provide it in its entirety. Should the defendant feel the information is subsequently misused, he may then bring the matter to the court's attention by way of a motion for sanctions.

*Interrogatory (5):  GRANTED*

**Describe in detail the financial and business relationship between the Hooten office and Thomas Rathgeb, including all changes or modifications since its inception, e.g., billing method, rate, frequency and media; expenses billed: funds remittance method, rate, frequency and media; the nature and extent of services rendered (e.g. letter only, letter followed by suit in what circumstances); fee arrangement for each identified type of service.**

■ As stated in the court's analysis of Interrogatory (3) above, this information may lead to the discovery of admissible evidence relating to the alleged attempts of defendant Hooten, who is not licensed to practice in Connecticut, to evade the Connecticut collection agency licensing requirements found in Chapter 669 Part XII of the Connecticut General Statutes by using defendant Rathgeb's name on collection letters sent into Connecticut.

*Interrogatory (7):  GRANTED*

**In what percent of the number of cases set forth in response to Int. 6 has defendant filed suit in Connecticut if the debtor did not pay?**

■ The plaintiff contends this information bears on whether (1) the defendants are acting as a collection agency or as attorneys and (2) the use of defendant Rathgeb's name on collection letters is deceptive. The defendant argues this interrogatory is not relevant to the subject matter of the litigation because the plaintiff does not allege that the defendants never intended to file suit against the debtor; rather the plaintiff's complaint states that the defendants falsely implied the ability to do more than a collection agency, even though that implication was not true. This argument is an exercise in semantics. The issue is whether the defendants would file suit against debtors in Connecticut, and the

requested information could lead to the discovery of admissible evidence on that point.

*Interrogatory (9):  GRANTED*

**Identify defendant's correspondent attorney(s) in Connecticut and sent[sic] forth for each month since March, 1995, the number and type of matters forwarded to each such attorney for litigation.**

Although the defendant originally objected to this interrogatory because he misunderstood it, he appears to have no objection to answering it at this time, as he provides an answer in his opposition memorandum. Accordingly, the defendant is directed to respond to this interrogatory under oath.

*Interrogatory (10):  GRANTED*

**Describe, step-by-step, the process which resulted in defendant's letter(s) being sent to plaintiff, beginning with the date of transmission of debtor information, e.g., computer tapes or other media delivered (when, by whom, where and to whom); content of computer tape or media; data input (where and by whom); computer entry or other means of directing transmission letters (where and by whom entry made); letter with debtor information printed (where and by whom); letter with debtor information mailed (from where and by whom); computer tapes or media returned (on what occasion, when, by whom and to whom).**

■ The plaintiff states this information is related to whether (1) the defendants are acting as a collection agency or attorneys and (2) the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive. The defendant responds with the now familiar argument concerning the FDCPA's application to both attorneys and debt collectors alike. However, regardless of the FDCPA's applicability to attorneys, this information could lead to the discovery of admissible evidence concerning defendant Hooten's activities as an allegedly unlicensed debt collector in contravention of Chapter 669 Part XII of the Connecticut General Statutes.

*Interrogatory (11): GRANTED*

> State the location (address including floor) and owner of the copier, printer or other mechanical device which printed the defendant's collection letters to plaintiff.

While the defendant originally objected to this interrogatory, he states in his opposition memorandum that he now wishes to answer it. Therefore, he is directed to do so under oath.

*Interrogatory (12): GRANTED*

> Identify all documents related to plaintiff's alleged debt which were in each defendant's physical possession when letters bearing a letterhead of defendant were transmitted to plaintiff about the plaintiff's alleged debt.

■■■ The parties make the same arguments in support of and objection to this interrogatory request as they do in the case of interrogatories 3, 5, and 10. The court responds with the same conclusion: this information may lead to the discovery of admissible evidence concerning the alleged attempts of defendant Hooten, who is not licensed to practice in Connecticut, to evade the Connecticut collection agency licensing requirements found in Chapter 669 Part XII of the Connecticut General Statutes by using defendant Rathgeb's name on collection letters sent into Connecticut.[4]

*Interrogatory (13): GRANTED*

> What steps were taken, on what date, and by whom to review plaintiff's account before sending said letters?

■■■ As the defendant's opposition memorandum does not specifically address this interrogatory, the court assumes that the defendant no longer objects. Furthermore, the request could lead to the discovery of admissible evidence concerning whether the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive.

4. The plaintiff indicates in her support memorandum that the defendant originally objected to this interrogatory on the grounds of attorney work product immunity and responds to this conten-

*Interrogatories (14) and (15): GRANTED*

> State the job description for each staff member each defendant employs at each of his locations (paralegal, secretary, etc.) and how many staff members are employed in each such job description at each such location.
>
> Identify all staff personnel at defendant's New York office.

■■■ The plaintiff contends these interrogatories relate to whether (1) the defendants are acting as a collection agency or as attorneys and (2) the use of defendant Rathgeb's name on collection letters is deceptive. The defendant argues that the information sought is not relevant to the subject matter of the litigation because the plaintiff does not claim that the defendants' staff violated the FDCPA, rather that the defendants did. Additionally, the defendant points out that none of the employees of defendant Hooten's law firm except defendant Rathgeb are parties to the lawsuit and that the plaintiff will not be able to depose these nonparties because she previously reported that she would take only one deposition. Finally, the defendant relies upon its argument concerning the FDCPA's application to attorneys and debt collectors alike. Once again, the court finds that these requests could lead to the discovery of admissible evidence concerning whether the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive.

*Interrogatories (16) and (17): GRANTED*

> Identify all Thomas Rathgeb's employers since 1990.
>
> State when Exxon Research became aware of and approved of Mr. Rathgeb's collection activity.

■■■ The plaintiff argues that these interrogatories relate to whether (1) the defendants are acting as a collection agency or as attorneys and (2) the use of defendant Rathgeb's name on collection letters is deceptive. The defendant responds that the

tion. However, because the defendant's opposition memorandum does not make this argument as to Interrogatory (12), the court will not address the issue here.

information is not relevant because Exxon Research is not a party to this action, and whether Exxon Research knew of or approved of defendant Rathgeb's employment with defendant Hooten's law firm is irrelevant. Additionally, the defendant asserts its belief that the plaintiff's counsel seeks this information in an improper attempt to coerce the defendants into settlement of this action. The court finds that the information requested could lead to the discovery of admissible evidence concerning whether the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive. Once again, if the plaintiff improperly uses this information, the defendant may bring the matter to the court's attention by way of a motion for sanctions.

*Interrogatories (19) and (20): GRANTED*

**List all lawsuits filed by defendant Rathgeb in Connecticut during 1996–1997.**

**Identify all Connecticut clients of defendant Rathgeb in any private practice of law during 1996–97.**

■ The plaintiff contends these interrogatories relate to whether (1) the defendants are acting as a collection agency or as attorneys and (2) the use of defendant Rathgeb's name on collection letters is deceptive. The defendant argues that these interrogatories are not relevant to the subject matter of the litigation because the plaintiff does not allege that the defendants never intended to file suit against the debtor, rather that they could not file a lawsuit in Connecticut. Since defendant Rathgeb is admitted to practice in Connecticut, and regardless of defendant Rathgeb's bar admittance, the defendants could hire other local counsel to file a lawsuit on behalf of their client should it so desire, the defendant contends the firm clearly could do more than a collection agency and the information sought is not relevant. Furthermore, the defendant claims the identity of defendant Rathgeb's private practice clients is protected by attorney-client privi-

lege. The plaintiff does not respond to this privilege argument.

The Second Circuit has "consistently held that, absent special circumstances, client identity and fee information are not privileged.... While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously." *In re Grand Jury Subpoena Served upon Doe,* 781 F.2d 238, 247–48 (2d Cir.) (en banc), *cert. denied sub nom. Roe v. United States,* 475 U.S. 1108, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986). Thus, the identity of defendant Rathgeb's clients are not privileged. And because the requested information may lead to admissible evidence concerning whether the defendants would file lawsuits in Connecticut and whether the use of defendant Rathgeb's name on collection letters sent into Connecticut is deceptive, the defendant is directed to respond to these discovery requests in their entirety.

*Production Request (1): GRANTED*

**All documents transmitted *to* defendant by or on behalf of plaintiff's creditor or any other person or entity with regard to the alleged debt to Chevy Chase (hereafter "creditor").**

**Log: The document sought is a computer printout of account information on the claim that is the subject matter of this lawsuit, the document is dated March 25, 1997, and was received by defendant Hooten's office. There is no author of the document.**

■ The plaintiff contends that she is entitled to this document as there is nothing privileged about it on the face of the defendant's log. The defendant, however, argues that work product immunity is properly asserted because the plaintiff's creditor prepared the requested document in contemplation of litigation, and the plaintiff has failed to show there is a substantial need for the document and that she is unable to proceed in her case without it.[5] The court disagrees,

5. Rule 26(b)(3) states:
Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise dis-

coverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the oth-

however, that the computer printout of account information was prepared in contemplation of litigation. Given the great number of accounts referred to collection agencies and the few which are actually litigated, it is not reasonable to assume that the plaintiff's creditor anticipated litigation in creating the computer printout it transmitted to the defendants. *See Snyder v. Winter,* 159 F.R.D. 14, 15 (W.D.N.Y.1994) (under the Federal Rules of Civil Procedure, material prepared by non-attorneys in anticipation of litigation, such as an accident report, is immune from discovery only where the material is prepared in specific response to imminent litigation; mere contingency that litigation may result does not give rise to immunity); *Carolan v. New York Telephone Co.,* 1984 WL 368, at *3 (S.D.N.Y. May 17, 1984) (The work product immunity embodied in Rule 26(b)(3) is limited to documents prepared specifically with a pending or impending lawsuit in mind; if not already commenced, " 'the probability that some particular litigation will occur must be substantial before a document may be deemed to be in anticipation of litigation.' ") (*quoting Duplan Corp. v. Deering Milliken, Inc.,* 61 F.R.D. 127, 130 (D.C.S.C.1973), *rev'd on other grounds sub nom. Duplan Corp. v. Moulinage et Retorderie de Chavanoz,* 487 F.2d 480 (4th Cir.1973) (citation omitted)). And since the plaintiff's creditor cannot have anticipated the instant litigation, the document is not privileged, and the plaintiff is entitled to its production.

*Production Request (2): GRANTED*

**All documents (or the form thereof if not available) transmitted by defendant to plaintiff, to creditor, or to any other person or entity with regard to the alleged debt to creditor.**

■ The plaintiff contends that she is entitled to these documents as they are not privileged. The defendant argues that, while he has produced all documents the defendants transmitted to the plaintiff, any documents sent to the creditor are irrelevant to

the instant matter and/or protected by attorney-client privilege or attorney work product immunity. The court fails to see any basis upon which to apply privilege or immunity to these communications, and the defendant has offered none. As the documents may lead to the discovery of admissible evidence concerning the defendants' debt collection practices, the defendant is directed to provide them.

*Production Requests (3) and (4): GRANTED*

**All documents indicating authorization to represent plaintiff's creditor.**

**All agreements between each defendant and plaintiff's creditor.**

**Log: The document sought is a contract entered into between the creditor and Paul J. Hooten, the document concerns the scope of engagement, was entered into in January, 1996, and was received by defendant Hooten and the creditor. There is no author of the document.**

■ The plaintiff contends that she is entitled to this document as it is not privileged. The defendant objects to this discovery as irrelevant to this matter and/or protected by attorney-client privilege or attorney work product immunity. The court finds that the document may lead to the discovery of admissible evidence concerning the defendants' debt collection activities. Furthermore, the court can find no reason to invoke the protection of the attorney work product doctrine, and the defendant fails to offer any. Finally, the document is not protected by attorney-client privilege, as the privilege does not extend to the general nature of the legal services a lawyer is retained to perform or to the terms and conditions of a lawyer's engagement. *See, e.g., Diversified Indus., Inc. v. Meredith,* 572 F.2d 596, 603 (8th Cir.) ("That memorandum contained no confidential information. It did little more than reveal the relationship between the parties, the purpose for which the Law Firm had been engaged, and

---

er party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable with-

out undue hardship to obtain the substantial equivalent of the materials by other means
. . . .

Fed.R.Civ.P. 26(b)(3).

the steps which the Firm intended to take in discharging its obligation to [the client]. Such a document is not privileged."), *rev'd on reh'g en banc,* 572 F.2d 596, 609 (8th Cir.1978). The defendant is therefore directed to respond to these production requests.

*Production Requests (5) & (6): GRANTED*

All collection records maintained by defendant as to plaintiff's account, with a key to abbreviations used thereon, such as codes for letters, personnel, activities. All documents, logs and correspondence relating to plaintiff's alleged debt to creditor.

Log: The document sought is maintained on a computer, and is a record of all collection activity, the record is cumulative and has no date, there is no author of the record, and the document has no recipient.

■ The plaintiff contends that she is entitled to this document as it is not privileged. The defendant objects to this discovery as irrelevant to this matter and/or protected by attorney-client privilege or attorney work product immunity. The court finds the document may lead to the discovery of admissible evidence concerning the defendants' debt collection activities. Additionally, the defendant does not provide, nor can the court find, any reason to invoke the attorney-client privilege. With respect to the defendant's claimed attorney work product immunity, due to the great number of accounts referred to collection agencies and the few which are actually litigated, it is not reasonable to assume that the defendants prepared the collection record in anticipation of imminent litigation. Thus, the defendant is directed to provide the document sought by these discovery requests.

*Production Request (7): GRANTED*

Copies of any policy manuals or instructions used by defendants or persons under their supervision regarding collection practices or procedures.

Log: The document sought is a new employee packet containing conditions of employment, and a copy of the FDCPA, the document is not dated, there is no author, and is received by all new employees.

■ The plaintiff contends that she is entitled to this document as it is not privileged. The defendant responds that the document sought is irrelevant to the subject matter of the case at bar because the plaintiff does not allege that any of the defendants' employees committed any FDCPA violations, only that the defendants themselves did so. The court disagrees, as the information sought could lead to the discovery of admissible evidence concerning the defendants' debt collection practices.

*Production Request (9): GRANTED*

All listings or ads in any telephone directory, yellow pages, legal directory, magazine, or newspaper during 1996–97 referring or relating to defendant's law practice.

■ The plaintiff contends that this request goes to the nature of the defendants' mutual practice, and that the documents are not readily available to the plaintiff due to her distant geographical location and the fact that she would not know where to look. The defendant objects to this discovery request on the grounds that the documents are irrelevant and are also public records that are readily available to the plaintiff without the need for discovery. As for the documents' relevancy, the court agrees with the plaintiff that the information sought may lead to the discovery of admissible evidence concerning the nature of the defendants' mutual practice, thus shedding light on the plaintiff's claim regarding the defendants' attempts to evade Connecticut licensing requirements. Furthermore, the plaintiff is entitled to discovery of the documents from the defendants, as opposed to some other source, because the other sources are neither more convenient, less burdensome, nor less expensive. Fed.R.Civ.P. 26(b)(2).

*Production Request (10): GRANTED*

A copy of all demand letters, complaints, judgments, and consent orders relating

**to defendant's conduct in the collection of individuals' debts to creditors.**

■ The plaintiff contends that this request goes to the nature of the defendants' mutual practice. The defendant initially responded that the requested documents are too voluminous to reproduce and irrelevant insofar as they relate to other debtors. The plaintiff has since clarified the limited scope of her request—namely, demand letters sent to defendants and complaints against defendants in their debt collection capacity. Thus, the only remaining objection appears to be one of relevancy, which the court overrules, as the information may lead to the discovery of admissible evidence concerning the defendants' debt collection practices. The defendant also states there is no need for discovery of these documents because the plaintiff's counsel is the only attorney who has sued the defendants for their debt collection practices, and therefore has copies of the requested demand letters or complaints. If this is indeed the case, the defendant is directed to so state under oath. If there exist additional demand letters or complaints responsive to the discovery request, the defendant is directed to produce the documents as they are deemed discoverable.

*Production Request (12): GRANTED*

**Please produce any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered herein or to indemnify or reimburse for payments made to satisfy the judgment.**

6. The Federal Rule states:

(1) Initial Disclosures. Except to the extent otherwise stipulated or directed by order or local rule, a party shall, without awaiting a discovery request, provide to other parties:

. . .

(D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Fed.R.Civ.P. 26(a).

7. The Local Rule states:

■ The plaintiff contends this request is plainly permitted by Federal Rule of Civil Procedure 26(a)(1)(D).[6] The defendant responds that Local Civil Rule 37 deems Federal Rule 26(a) inapplicable in the District of Connecticut.[7] This being the case, the defendant argues that the demand is irrelevant to this matter. The court does not agree. Despite the inapplicability of Rule 26(a)(1), insurance information may still be discoverable upon request if it is within the scope of discovery as outlined in Rule 26(b)(1).[8] As the court finds the request to be within the appropriate scope of discovery, the defendant is directed to respond to this production request.

*Production Request (8),(13), (16) and (17): GRANTED*

**Copies of any records showing fees/emoluments paid by the Hooten office to defendant Rathgeb during each year since the inception of the time Attorney Rathgeb's name was included in any Hooten letterhead.**

**All time and expense records of defendant Rathgeb related to the Hooten collection efforts.**

**All W–2, 1099 or similar tax reporting forms (relating to services rendered) received by defendant Rathgeb for 1995–97.**

**All W–2, 1099 or similar tax reporting forms sent by the Hooten office to defendant Rathgeb for 1995–97.**

The defendant argues that the documents sought in these requests are irrelevant to this litigation. Additionally, the defendant

Rule 26(a)(1) of the Federal Rules of Civil Procedure shall not be applicable in the District of Connecticut.

Rule 37, Loc. R. Civ. P. (D.Conn.).

8. Rule 26(b)(1) states:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party .... The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

contends that the information sought in requests (16) and (17) are confidential. The plaintiff responds that this information goes to the nature of defendant Rathgeb's participation in the Hooten collection efforts. As to the documents' confidentiality, the plaintiff points out that the defendant has not filed a motion for a protective order nor have they offered information sufficient to meet their burden of persuasion pursuant to Fed. R.Civ.P. 26(c). *See In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145 (2d Cir.1987) (a plain reading of Rule 26(c) illustrates that the party seeking protection has the burden of showing that good cause exists), *cert. denied sub nom. Dow Chemical Co. v. Ryan*, 484 U.S. 953, 108 S.Ct. 344, 98 L.Ed.2d 370 (1987); *Havens v. Metropolitan Life Insurance Co.*, No. 94–CV–1402, 1995 WL 234710, at *10 (S.D.N.Y. April 20, 1995) (the party seeking protection is required to establish good cause by a " 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements' ") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)).[9]

In support of his confidentiality argument, the defendant contends that Congress supplanted the requirements of Rule 26(c) with the provision in the Internal Revenue Code stating that "[r]eturns and return information shall be confidential," thus evidencing Congress' intent that tax returns and tax return information be kept confidential. 26 U.S.C. § 6103(a). Additionally, the defendant argues that public policy disfavors the production of tax returns and return information due to their highly sensitive nature. Finally, in the event that the court finds the information discoverable, the defendant suggests that the court limit its ruling to the

income earned, if any, by defendant Rathgeb through his employment with defendant Hooten's law firm, as information concerning defendant Rathgeb's other sources of income is irrelevant to the instant litigation.

The court is not persuaded by the defendant's argument that the Tax Code's designation of tax information as confidential somehow obviates the need for defendant to satisfy the requirements of Rule 26(c). The defendant offers no authority in support of this position, and the court can find none.[10] On the contrary, "tax returns and other information regarding income are discoverable if relevant to the issues in a lawsuit." *Scott v. Arex*, 124 F.R.D. 39, 41 (D.Conn.1989) (citing *Halperin v. Berlandi*, 114 F.R.D. 8, 11 (D.Mass.1986) and *Credit Life Insurance v. Uniworld Insurance Ltd.*, 94 F.R.D. 113, 120 (S.D.Ohio 1982)). However, the defendant's "income tax returns, even if containing some relevant financial information, are protectable from discovery as confidential documents if the party seeking protection demonstrates good cause to uphold its expectation of confidentiality, as well as the availability of reliable financial information from other sources." *Farmers & Merchants Nat. Bank*, 174 F.R.D. at 585.

The defendant contends he has good reason for objecting to disclosure of the tax documents and tax related information, that being the broad nature of the request and irrelevance of the information to the instant litigation. Additionally, the defendant states that the plaintiff can obtain the information sought through other discovery devices, though he fails to indicate which devices those may be. The court finds the requested financial information could lead to the discovery of admissible evidence concerning the

---

Fed.R.Civ.P. 26(b)(1).

9. Rule 26(c) states:

Upon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

...

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters ....

Fed.R.Civ.P. 26(c).

10. In fact, a case to which the defendant does cite, *Farmers & Merchants Nat. Bank v. San Clemente Financial Group Securities, Inc.*, 174 F.R.D. 572 (D.N.J.1997), discusses a magistrate judge's denial of a motion to compel production of income tax returns as "within the reasonable ambit of protective orders under Rule 26(c)." *Id.* at 585.

nature of defendant Rathgeb's participation in the Hooten collection efforts. Additionally, the defendant has failed to shoulder his burden of establishing good cause pursuant to Fed.R.Civ.P. 26(c). The defendant is therefore directed to supply the requested information in its entirety.

*Production Request (20): GRANTED*

**The summons page of each suit filed by or on behalf of each defendant for creditor plaintiffs in Connecticut during 1996–97.**

██ The plaintiff asserts this information goes to the nature of defendant Rathgeb's participation in the Hooten collection efforts. The defendant objects to this discovery request on the grounds that it is irrelevant to the instant matter. The court disagrees, as the information requested could lead to the discovery of admissible evidence concerning the defendants' debt collection practices.

*Production Request (21): GRANTED*

**All documents reflecting defendant's Connecticut licensing in a business or profession issued or effective since 1990.**

██ The defendant argues that this request is irrelevant because the defendants have admitted that defendant Rathgeb is a member of the Connecticut Bar and the defendants have no other licenses from Connecticut. The defendant is directed to provide documentation evidencing Mr. Rathgeb's admittance to the Connecticut Bar, and, if the defendants maintain no other licenses in Connecticut, to so state under oath.

### CONCLUSION

For the above reasons, the plaintiff's motion to compel (**doc. # 21**) is **GRANTED.**

IT IS SO ORDERED.