Thomas MOHR, Plaintiff,

v.

SECURITY CREDIT SERVICES, LLC,
Lacy Katzen, LLP, Mark H. Stein, and
Michael J. Wegman, Defendants.

No. 1:14–CV–981 (MAD/CFH).

United States District Court,
N.D. New York.

Signed Oct. 23, 2015.

The Law Offices of Joseph Mauro, LLC, Joseph Mauro, Esq., West Islip, NY, for Plaintiff.

Sessions, Fishman Law Firm, Aaron R. Easley, Esq., Bryan C. Shartle, Esq., John T. Refermat, Esq., Robert G. Knirsch, Esq., Flemington, NJ, Attorneys for Security Credit Services, LLC.

Lacy, Katzen Law Firm, John T. Refermat, Esq., Rochester, NY, Attorneys for Security Credit Services, LLC; Lacy Kat-

zen, LLP; Mark H. Stein; and Michael J. Wegman.

Barclay Damon LLP, Dennis R. McCoy, Esq., Jonathan H. Bard, Esq., Buffalo, NY, Attorneys for Lacy Katzman, LLP; Mark H. Stein; and Michael J. Wegman.

## DECISION AND ORDER

CHRISTIAN F. HUMMEL, United States Magistrate Judge.

Plaintiff Thomas Mohr brought this action against defendants Security Credit Services, LLC ("SCS"); Lacy Katzen, LLP ("Lacy Katzen"); Mark H. Stein; and Michael J. Wegman (collectively "defendants," where appropriate) for alleged unlawful credit and collections practices, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Presently before the Court is plaintiff's motion to compel discovery. Dkt. No. 43. Defendants opposed the motion. Dkt. Nos. 44, 45. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

### I. BACKGROUND

#### A. Demands for Lacy Katzen

Plaintiff first requests from defendant Lacy Katzen unredacted collection notes.[1] Dkt. No. 43–1 at 2. Plaintiff argues that the unredacted collection notes "contain a chronological history of the firm's actions in attempting to collect the alleged debt from the Plaintiff herein." Id. at 2–3. Plaintiff further argues that Lacy Katzen's "actions relating to the collection of the alleged debt ... are clearly relevant to this case." Id. at 3. Plaintiff contends that Lacy Katzen is relying on these collection notes to "establish their defense" of reasonableness or bona fide error, which they

---

1. Plaintiff concedes that Lacy Katzen provided its collection notes, but contends that it improperly redacted entries made after August 29, 2013. See Dkt. No. 43–1 at 2–3.

should not be permitted to do "while at the same time withholding documents that Plaintiff could possibly rely upon to refute these claims." *Id.* at 3–4.

Plaintiff next seeks "other complaints made about [Lacy Katzen] relating to their debt collection activities." Dkt. No. 43–1 at 4. Plaintiff argues that "other complaints made about the Defendants relating to their debt collection activities" should be disclosed because they are "directly relevant to the level of Defendant's willfulness, and lack of bona fide error" and are discoverable under Federal Rules of Civil Procedure ("Fed. R. Civ.P.") 404b. *Id.* at 4–5.

Further, plaintiff requests "computer time records of any attorney who created or reviewed the state court litigation documents that were sent to the Plaintiff." Dkt. No. 43–1 at 5. Plaintiff argues that the time records are relevant because the FDCPA "prohibits debt collection attorneys from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document." *Id.* Thus, plaintiff seeks to "disprove the Defendant's assertion that the state court litigation documents were 'meaningfully reviewed' by an attorney." *Id.* Plaintiff contends that "[t]he amount of time spent reviewing the case before suing the Plaintiff in the wrong venue is clearly probative of whether the documents were 'meaningfully reviewed[.]'" *Id.*

Finally, plaintiff demands the personnel files and names of the employees who worked on plaintiff's state court file. Dkt. No. 43–1 at 6. Plaintiff argues that the personnel files are discoverable as "it could lead to admissible evidence relating to whether these employee's [sic] actions were willful or in error." *Id.* at 6. Similarly, the employees' names are relevant, according to plaintiff, because "these people are witnesses and should have been disclosed pursuant to Rule 26a." *Id.*

### B. Demands for SCS

Plaintiff requests from SCS "other complaints made against them relating to unfair debt collection practices." Dkt. No. 42–1 at 7. Plaintiff argues that these complaints are "discoverable for numerous reasons, not the least of which is that it is directly relevant to the level of Defendants [sic] willfulness, and lack of bona fide error." *Id.*

## II. LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed.R.Civ.P. 26(b)(1).

"A commercial debt collector's prior record of complaints, asserting violations of the FDCPA made to a government enforcement agency, leading to evidence of such violations, has been judicially accepted as a basis for enforcement against the violator." *Strom v. Nat'l Enter. Sys., Inc.,* No. 09–CV–72A(F), 2010 WL 1533383, at *2 (W.D.N.Y. Apr. 15, 2010) (citing *United States v. ACB Sales & Serv., Inc.,* 683 F.Supp. 734, 739 (D.Ariz.1987) and *Johnson v. Equifax Risk Mgmt. Serv.,* 00–Civ–7836(HB), 2004 WL 540459, at *9 (S.D.N.Y. Mar. 17, 2004)). "A debt collector may not be held liable if it can demonstrate by a preponderance of the evidence that its 'violation [of the Fair Debt Collection Practices Act] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such errors.'" *Johnson,* 2004 WL 540459, at *9 (quoting 15 U.S.C. § 1692k(c)).

## III.   DISCUSSION

### A.   Compliance with Local Rule 7.1(a)(2)

As a threshold issue, defendants urge the Court to reject plaintiff's motion to compel for failure to comply with Local Rule 7.1(a)(2). Dkt. Nos. 44, 53. Local Rule 7.1(a)(2) requires a supporting affidavit and accompanying proof of service. L.R. 7.1(a)(2). Although the Court recognizes that plaintiff's counsel has failed to comply with the Local Rules—and plaintiff's belated submission of an affidavit in reply to defendants' opposition, the collections notes, and a privilege log, does not amount to proper compliance with this Rule (Dkt.Nos. 48–1, 48–2, 48–3)—because plaintiff has now submitted the affidavit, the Court chooses to "overlook" the failure on this occasion. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir.2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). The Court advises and cautions plaintiff's counsel that full compliance with the Local Rules is required when filing any request or motion with this Court.

### B.   Unredacted Collections Notes

Plaintiff demands unredacted versions of the collection notes after August 29, 2013.[2] Defendants Lacy Katzen, Stein, and Wegman object, arguing that the collections notes are protected by SCS's attorney-client privilege and as attorney work product, "based on Plaintiff's commencement of a State court action[,]" Dkt. No. 44–2 at 6, thus, entries subsequent to that date "contain the mental impressions and litigation strategy of the Defendants as they relate to the State court action, and are therefore protected as attorney work product." *Id.* Plaintiff counters that the material is not

protected, as the collections notes are "not an attorney client communication issued for the purpose of rendering legal advice." Dkt. No. 43–1 at 4; Dkt. No. 48 at 5. Plaintiff also contends that any "attorney/client or work product privilege that the defendants' (including Security Credit) might have enjoyed was waived when they asserted their bona fide error defenses." Dkt. No. 48 at 5.

The Federal Rules "shield from discovery 'documents and tangible things' prepared by a party's attorney in anticipation of litigation or for trial that contain the attorney's mental impressions, conclusions, opinions, or legal theories and strategies." *Manufacturing Admin. and Mgmt. Sys., Inc. v. ICT Group, Inc.*, 212 F.R.D. 110, 112 (E.D.N.Y.2002) (citing Fed.R.Civ.P. 26(b)(3)). As explained by the Second Circuit,

> [a]n attorney's protected thought processes include preparing legal theories, planning litigation strategies and trial tactics, and sifting through information. *See Hickman [v. Taylor ]*, 329 U.S. [495] at 511 [67 S.Ct. 385, 91 L.Ed. 451 (1947) ]. At its core, the work product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case. *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975).

*In re Steinhardt Partners, L.P.*, 9 F.3d 230, 234 (2d Cir.1993).

Here, although state court litigation apparently had been commenced on or before September 13, 2013, defendant Lacy Katzen and SCS have not demonstrated that the collections notes were materials prepared in anticipation of litigation.[3]

---

**2.**   Lacy Katzen, Stein, and Wegman state that the collections notes were redacted after September 13, 2013.  Dkt. No. 44–2 at 6.

**3.**   The Court agrees that SCS is the party who holds the alleged privilege.

Further, it is unclear to the Court whether the collections notes were prepared by an attorney or if the collections notes would reveal the mental processes of an attorney. Thus, defendants are ordered to provide the unredacted post-September 13, 2013 collections notes, along with the redacted version provided to plaintiff, for *in camera* review, to allow for a determination whether the redacted portions contain solely mental processes or opinions of counsel, or also contain some factual, non-protected material that should be disclosed.

### C. "Other Complaints"

Defendants object to plaintiff's request for evidence of other complaints,[4] contending that plaintiff requests such discovery for the issue of wilfulness, which is relevant to plaintiff's punitive damages request. Since this Court held, through text order, that "plaintiff's right to seek discovery regarding punitive damages is held in abeyance pending further proceedings in this matter[,]" defendants assert that such discovery is not relevant at this time. Dkt. No. 42. Plaintiff argues that discovery regarding other complaints about SCS's collection practices is relevant to defendants' defense of bona fide error.

Courts within this Circuit have held, "[a]s the existence of prior litigation goes to the issue of such willfulness, such information is reasonably calculated to lead to the discovery of admissible evidence." *Chang v. Cavalry Portfolio Services, LLC.*, 11–CV–1153 (JS/GRB), 2011 WL 6101952, at *1 (W.D.N.Y. Dec. 1, 2011) (permitting discovery of "a list of any cases brought against [the defendant] from January 2005 forward in which violations of the FDCPA ... were alleged."). Further, in *Strom*, the Western District of New York noted that, "regardless of whether ... the BBB [Better Business Bureau] and attorneys general complaints ... may be admissible,

it cannot be said that the information sought by Plaintiff is not reasonably calculated to lead to the discovery of admissible evidence in support of Plaintiff's claims or to enable Plaintiff to rebut Defendant's bona fide error defense." 2010 WL 1533383, at *2.

The plaintiff's discovery demands and interrogatories request "[a]ll documents concerning any complaint or criticism of Defendant by any consumer or any government entity regarding debt collection[,]" "[a]ll complaints filed against Defendant in court concerning Fair Debt Collection Practices Act violations of unlawful debt-collection practices[,]" "all deposition transcripts of Defendant or its personnel taken in litigation concerning Defendant's collection practices," "[a]ll complaints filed against Defendant with any governmental body concerning Fair Debt Collection Practices Act violations or unlawful debt-collection practices[,]" "[a]ll complaints filed against Defendant with any Better Business Bureau offices concerning Fair Debt Collection Practices Act violations or unlawful debt-collection practices[,]" and "a complete listing of all lawsuits filed against [SCS] since 2008 relating to a violation of any federal or state collection law." Dkt. No. 43–2 at 6–7, 14.

■ Although discovery regarding punitive damages is currently held in abeyance, the Court agrees with plaintiff that the complaints may lead to discoverable material relevant to defendants' bona fide error defense. *Strom*, 2010 WL 1533383, at *2 ("Plaintiff may also use such previous multiple violations [BBB and attorneys general complaints] to negate Defendant's bona fide clerical error defense."). The Court is not concluding that any or all of the cases or complaints will be admissible, nor is it

---

4. SCS provides that it offered plaintiff, as a "compromise," a list of lawsuits filed against

it in Court since 2013 by name, case number, and jurisdiction[.]" Dkt. No. 45 at 7 n. 2.

assuming that a mere complaint amounts to a violation of the FDCPA;[5] however, "it cannot be said that the information sought by [p]laintiff is not reasonably calculated to lead to the discovery of admissible evidence in support of [p]laintiff's claims or to enable [p]laintiff to rebut [d]efendant's bona fide error defense." *Id.* The Court agrees with defendants that plaintiff's demand is over broad. Dkt. No. 44–2 at 8. Plaintiff does not set forth any time limit on his request nor limit his requests to formally-filed complaints. Indeed, his request could feasibly encompass an informal phone call to SCS or letter sent to SCS by a disgruntled consumer. Further, he does not provide rationale as to why a stricter time frame would be unreasonable or would otherwise impede discovery of relevant material.

The Court finds it reasonable to limit plaintiff's request to all actions commenced in a court of law by a consumer or government entity from August 1, 2011 to August 6, 2014, the date plaintiff initiated this action. *See generally Chang,* 2011 WL 6101952, at *1 (finding that discovery as to prior litigation was proper but that the plaintiff "has not … established the need for production of 'all documents' stemming from any such litigation."). Defendant is to provide a list of the names of all actions commenced in state or federal court within

that time period, along with the case number, jurisdiction, and date of commencement for each action.[6] Similarly, it appears reasonable for plaintiff to request the complaints filed with the BBB, state attorneys general offices, or complaints filed with a related government entity. *See Strom,* 2010 WL 1533383 at *4 ("[A] large volume of complaints to the BBB or state attorney general by individual consumers against Defendant involving its collection practices as violations of the FDCPA, similar to those alleged by Plaintiff, could cause a reasonable juror to infer that Plaintiff's specific complaints are more likely true than not, Fed.R.Evid. 401, thereby providing a strong basis for their admissibility as probative evidence."); *see also Yancey v. Hooten,* 180 F.R.D. 203, 216 (D.Conn.1998) (directing the defendants to turn over summonses for each action filed against defendants in Connecticut by or on behalf of a creditor from 1996–1997, and concluding information could lead to discovery of relevant evidence regarding the defendants' debt collection practices). Thus, defendants are directed to provide *either* copies of the complaints filed from August 1, 2011 to August 6, 2014 *or* a list of complaints known to defendants to have been filed between August 1, 2011 to August 6, 2014

---

**5.** The Court acknowledges defendants Lacy Katzen, Stein, and Wegman's argument that "a complaint merely sets forth alleged violations of the law; it does not establish, nor does it tend to establish, that an actionable violation occurred. Thus, a complaint would not provide Defendants with knowledge or notice that their conduct violated the law." Dkt. No. 44–2 at 8–9. However, the Court agrees with the Western District's rationale that a very similar argument "miss[ed] the point." *Strom,* 2010 WL 1533383, at *3. "The issue in a discovery request dispute related to proof of a defendant's liability … is not whether the requested information is 'conclusive evidence' of the liability, but whether, if any of the requested information

constitutes admissible evidence or may reasonably lead to admissible evidence of the alleged violations." *Id.* (citing Fed.R.Civ.P. 26(b)(2)).

**6.** Insofar as SCS contends that this request is unduly burdensome, the Court recognizes that Lacy Katzen provided that there were fifteen cases, including plaintiffs, filed against SCS since 2008. Dkt. No. 45 at 8. When limiting this list even further, to actions filed against SCS from August 1, 2011 to the commencement of this federal action, this relatively small number of cases would be lessened even more. Such a number does not appear to this Court to be unduly burdensome.

with these agencies. The list shall include the name of the agency or entity where the complaint was filed, name of the party or organization who filed the complaint, the case number or identifier specific to that agency for each case, and the year filed. To the extent plaintiff's demand for "all documents" can be read to request informal complaints not filed with a government agency, the BBB, or a court, even if these complaints exist and defendants have record of such complaints, disclosure of such documents is not warranted, as disclosure of these informal "complaints" are not reasonably likely to lead to the discovery of admissible evidence for the reasons discussed above.

### D. Computer Time Records

Plaintiff contends that he is entitled to discovery of computer time records of "any attorney who created or reviewed the state court litigation documents that were sent to the Plaintiff." Dkt. No. 43–1 at 5. Plaintiff argues that such material is relevant because the FDCPA "prohibits debt collection attorneys from representing that a document comes from an attorney unless an actual attorney has meaningfully reviewed the document." *Id.* In his complaint, plaintiff contends that it is his position "that the signature mark [in the summons in the state lawsuit] was created without any meaningful attorney review. On information and belief, defendants Stein and Wegman allowed their signatures to be used in this manner.... On information and belief no attorney meaningfully reviewed this complaint prior to filing." Dkt. No. 1 at 5.

█ Time records generally have been held to be protected from disclosure by the attorney-client privilege as they may "reveal litigation strategy or the specific nature of the service provided." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.,* 93–Civ–6876 (KMW), 1995 WL 598971, at *2 (S.D.N.Y. Oct. 11, 1995) (cit-

ing *Riddell Sports, Inc. v. Brooks,* 158 F.R.D. 555, 560 (S.D.N.Y.1994) (additional citation omitted)). However, "attorney time records and billing statements are not privileged when they do not contain detailed accounts of the legal services rendered." *DiBella v. Hopkins,* 403 F.3d 102, 120 (2d Cir.2005).

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means with the collection of any debt[,]" including "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." In most of plaintiff's cited cases, as well as most of the cases the undersigned reviewed during independent research, the questioned materials were communications alleged to have been sent from an attorney for debt collection practices, not summonses and other litigation documents. *See, e.g., Clomon v. Jackson,* 988 F.2d 1314 (2d Cir.1993) (discussing that sending a collection letter purported to be sent from an attorney, but was created without meaningful attorney review, may violate section 1692e); *Mizrahi v. Network Recovery Servs., Inc.,* 98–CV–4528 (ERK/JLC), 1999 WL 33127737, at *3 (E.D.N.Y. Nov. 5, 1999) (addressing whether collection letter sent on attorney's letterhead and signed with attorney's electronic signature violated section 1692e(3)). In those cases, it appears the courts' concern was that debt collection notices were sent to consumers to deceive the consumer into believing that an attorney had personally reviewed the consumer's case, when that was not, in fact, true. *Clomon,* 988 F.2d at 1320–21.

However, *Bock v. Pressler and Pressler, LLP,* a District of New Jersey case currently on appeal to the Third Circuit stands as an exception to the general application of section 1692e. 30 F.Supp.3d 283 (D.N.J.2014); *see also Consumer Fin.*

*Prot. Bureau v. Frederick J. Hanna & Assoc., P.C.,* 114 F.Supp.3d 1342, 1365, 2015 WL 4282252, at *16 (N.D.Ga., Atlanta Div. July 14, 2015) (citing *Bock,* 30 F.Supp.3d at 293) (finding that "a complaint filed in court may constitute a communication for purposes of § 1692e."). There, the plaintiff argued that the defendants violated section 1692e because the state court complaint purported to have been meaningfully reviewed by an attorney, but was there was no attorney "meaningfully involved in its review and preparation." *Bock,* 30 F.Supp.3d at 290–91, 292 at n. 8–9 (noting that "virtually all of the relevant case law deals with attorneys' collection letters," and whether there can be a cause of action in FDCPA case based on the "integrity of pleadings"). In *Bock,* the attorney admitted that he reviewed the relevant complaint for approximately four seconds. *Id.* at 287.

■ Plaintiff is not requesting the time records to determine whether attorneys personally created or reviewed collection notices; rather, he states he requests the material to determine whether attorneys reviewed the materials prepared for his state court action. Insofar as plaintiff requests the time records to determine whether the state court litigation documents, specifically the summons, complaint, and request for judgment, were meaningfully reviewed by an attorney pursuant to 1692e(3), it appears to be a novel issue in New York whether the statute encompasses meaningful review of litigation documents. *See* Dkt. No. 1 at 5–6, 8. As noted, this section prohibits "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney." Although, to the Court's knowledge, there is no court within this Circuit that has applied this broader definition to 1692e, the Court finds the rationale of *Bock* and *Frederick J. Hanna & Assoc., P.C.* sufficiently convincing to warrant discovery of time rec-

ords of the employees who worked on drafting the summonses, complaint and entry for judgment.

Although discovery of time records from Lacy Katzen may reveal that an attorney sufficiently reviewed the summons and complaint, at this early stage of litigation, the Court cannot conclude that such records would not reasonably lead to the discovery of admissible evidence. However, despite the Court's determination as to relevance, because the time records may be protected by attorney-client privilege insofar as they may contain detailed information about the specific legal services rendered by counsel, the Court orders that Lacy Katzen provide plaintiff with a redacted copy of portions of the time records relevant to the preparation and review of the state court summons and complaint. The redaction may remove detailed information about the specific legal services rendered, litigation strategy, or to the extent they reveal the motive of the client in seeking legal representation or client confidences, but should retain the "general purpose of work performed[,]" and who performed the service. *See, e.g., Gary Friedrich Enter., LLC v. Marvel Enter.,* 08–Civ–1533 (BSJ/JCF), 2011 WL 2623458, at *3 (S.D.N.Y. June 21, 2011); *Diversified Group, Inc. v. Daugerdas,* 304 F.Supp.2d 507, 514 (S.D.N.Y.2003) (citing cases).

### E. Personnel Files and Names of Collections Employees

Plaintiff argues that the names and personnel files of employees who worked on preparing his state court action are relevant to "ascertain whether the company's actions were not willful or in error." Dkt. No. 44–1 at 4. Defendants contend that the personnel files are irrelevant and that plaintiff seeks only to obtain "information and documentation sought in connection with punitive relief." Dkt. No. 44–2 at 8.

■ The Court is unable to discern the relevance of the personnel files from plaintiff's discovery demands. Plaintiff's cited case law, Dkt. No. 43–1 at 6, does not assist the Court in reaching this determination, as those cases do not appear to permit discovery of personnel files of employees who worked on, or were otherwise involved in, the preparation of litigation against a plaintiff or for any other reason.[7] The Court recognizes that such personnel files may contain highly sensitive personal information, including information not at all relevant to whether that employee was disciplined or involved in past violations or alleged violations of the Fair Debt Collection Practices Act. Thus, as plaintiff has not demonstrated that personnel files of employees of defendants who worked on plaintiff's case will be reasonably likely to lead to the discovery of admissible evidence, such request is denied.

■ Next, plaintiff contends that he is entitled to discovery of the names of the employees who prepared his state court litigation documents, as they are witnesses whose names should have been provided pursuant to Fed.R.Civ.P. 26(a). Dkt. No. 43–1 at 6. Plaintiff cites to one case out of the Northern District of Ohio, *Davis v. Creditors Interchange Receivable Mgmt., LLC*, 585 F.Supp.2d 968, 979 (N.D.Oh. 2008). In *Davis*, the Northern District of Ohio concluded that the plaintiff's counsel, without being in violation of the state's professional rules of conduct, could engage in ex parte communications with former employees of the defendant company who were unrepresented. *Id.* at 979. The Court also determined that the plaintiffs could "conduct discovery related to uncovering the identities and contact informa-

tion of current and former employees who contacted the plaintiffs and others in the course of seeking to collect the debt putatively owed by plaintiffs" as well as the names and contact information "for other current and former debt collectors employed by the defendant" as such information "could lead to admissible information about the company's practices under Fed. R.Evid. 404(b)." *Id.* at 979.

Here, defendant Lacy Katzen's responses indicate there are likely two non-attorney "[c]ollections employees" who worked on plaintiff's state court litigation materials: one who prepared the summons and complaint, and another who prepared the statement for judgment. Dkt. No. 43–2 at 17. Lacy Katzen contends that the employee's identities are confidential. *Id.* The production of the employees names who worked on the preparation in plaintiff's file appears to the undersigned reasonably likely to lead to the discovery of admissible evidence, as the employees may have knowledge relevant to the preparation of plaintiff's state court litigation which may or may not lead to discovery of evidence to contradict defendant SCS and Lacy Katzen's bona fide error defense. Accordingly, defendants are ordered to provide to plaintiff the names and contact information of the employees who prepared the summonses, complaint, and statement for judgment in the state court action.

## IV. CONCLUSION

**WHEREFORE,** it is hereby **OR-DERED,** that plaintiff's motion to compel (Dkt. No. 43) is **GRANTED in part,** insofar as

---

7. The plaintiff in *Chang* demanded, among other things, materials relating to the defendant's training policies regarding the FDCPA and other relevant laws, which the court found relevant. 2011 WL 6101952, at *1.

From the undersigned's review, it does not appear that *Chang* involved a discovery request for personnel files of the defendant's employees. *Id.*

(1) defendants SCS and Lacy Katzen are ordered to provide to plaintiff no later than **November 30, 2015:**

(a) a list of complaints relating to collections practices filed against SCS or Lacy Katzen in a court of law (provide case name, index number, filing date, and jurisdiction), from August 1, 2011 to August 6, 2014;

(b) either copies of complaints or a list of complaints relating to collection practices of SCS or Lacy Katzen filed with the Better Business Bureau, state attorneys general offices, or similar agencies (provide agency name, complainant's name, case number/identifying number, year filed), from August 1, 2011 to August 6, 2014;

(2) defendant Lacy Katzen is ordered to provide to plaintiff, **no later than November 30, 2015,**

(a) a copy of the time records relating to the preparation of the summons and complaint filed against plaintiff in the state court litigation, *redacted* to remove any privileged information that may reveal litigation strategy or client confidences by retaining the general nature of the work performed, the time spent performing such work, and the job title or position of the employee who performed the work; (b) the names and contact information of the employees who prepared the summons, complaint, and entry for judgment in the state court action; and it is further

**ORDERED** that defendant Lacy Katzen provide **to the Court for** *in camera* **review,** no later than **November 16, 2015:**

(1) both redacted and unredacted versions of collections notes issued regarding plaintiff after August 29, 2013 to August 6, 2014; and it is further

**ORDERED** that plaintiff's motion to compel is otherwise **DENIED;** and it is further **ORDERED** that the Clerk of the Court serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**